IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARVIN L. MALONE, #411853,<br>　　　　　Plaintiff,<br><br>v.<br><br>GARY JOHNSON, et al.,<br>　　　　　Defendants. | §<br>§<br>§<br>§　　CIVIL CASE NO. 3:15-CV-3717-L-BK<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a state inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

In 1985, Petitioner was convicted of sexual assault of a child and sentenced to 40 years' imprisonment. *State v. Malone*, No. F85-98931-IM (194th Jud. Dist. Court, Dallas County, 1985. Petitioner unsuccessfully challenged his conviction in numerous state and federal habeas proceedings, and this Court dismissed the last five federal habeas petitions as successive. *See Malone v. Stephens*, No. 3:15-CV-02171-L-BK, findings and recommendation and order of acceptance (N.D. Tex. 2015) (collecting filing history and dismissing as successive); *see also Malone v. Texas State Parole Officials*, No. 3:09-CV-1838-L, 2010 WL 446093 (N.D. Tex. 2010) (dismissing without prejudice complaint, which was tantamount to a habeas corpus petition challenging underlying criminal conviction, because petitioner failed to seek leave to file a successive section 2254 petition). The United States Court of Appeals for the Fifth Circuit has also denied Plaintiff leave to file a successive habeas application. *See In re Malone*, No. 08-

10280 (5th Cir. Jul. 8, 2008).  Additionally, this Court twice denied Plaintiff's request to compel Judge Earnest White of the 194th Judicial District Court of Dallas County to enter a *nunc pro tunc* order vacating Petitioner's conviction and underlying arrest.  *See Malone v. White*, No. 3:13-CV-2633-N-BF, 2013 WL 4516787 (N.D. Tex. Aug. 26, 2013) (accepting magistrate judge's recommendation and dismissing mandamus petition with prejudice as frivolous); *Malone v. White*, 3:13-CV-4636-G-BK (N.D. Tex. 2013) (same but warned that sanction may be imposed if Petitioner persists in filing frivolous or baseless petitions for writ of mandamus or for *nunc pro tunc* relief).

In this suit, Plaintiff names as defendants Gary Johnson, Carl Jeffries, Geraid Garrett, and the Texas Board of Pardons and Paroles (Board).  Doc. 6 at 1.  He seeks to compel the Board to release him on parole.  Doc. 6 at 4.   He also requests monetary damages for the time that he allegedly has been wrongly imprisoned.  *Id.*  In that regard, he maintains that a Texas parole officer ordered him incarcerated in 2009 even though he had not violated the terms of his parole.  *Id.*  Records reflect that Plaintiff's parole was subsequently revoked in May 2010.  *See Ex parte Malone*, No. W85-98931-H, *Findings and Recommendation* and *Affidavit of Charley Valdez* (194th Judicial District Court, Dallas County, Sept. 16, 2014).[1]

On three separate occasions since Plaintiff filed his *Amended Complaint*, the Court has ordered him to confirm whether he wished to proceed with this civil rights action and have the $350 filing fee deducted from his prisoner's account in accordance with 28 U.S.C. § 1915(b)(1).  Doc. 8.  Plaintiff has evaded the Court's question, seeking instead to delay the deadline paying

---

[1] The docket sheet is available at http://courtecom.dallascounty.org/pav/.  The habeas petition was denied based on the trial court's findings.  *See Ex parte Malone*, No. WR-18,818-10 (Tex. Crim. App. Feb. 8, 2012), docket sheet available at http://www.search.txcourts.gov/Case.aspx?cn=WR-18,818-10&coa=coscca.

the filing fee until he is paroled or his wife is able to make monthly installment payments. Doc. 9; Doc. 12. The Court denied each request and Plaintiff now seeks a six-month extension to pay the $350 filing fee, citing ongoing problems with the bookkeeper at his unit. Doc. 10; Doc. 13; Doc. 14.

However, the Court is not required to delay screening of this case until such time as Plaintiff is ready and/or able to make the filing fee payments. For reasons of judicial economy, this case should be summarily dismissed forthwith.

## II. ANALYSIS

Because Plaintiff is incarcerated and seeks to sue a governmental entity and employees of such a governmental entity, his complaint is subject to screening under 28 U.S.C. § 1915A(a). That statute further provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims are frivolous.

Insofar as Plaintiff seeks to be released on parole due to unlawful revocation proceedings, his request is not cognizable under section 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").

Likewise, the Eleventh Amendment bars suit against a state or a state entity regardless of whether monetary damages or injunctive relief is sought.  *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Briggs v. Mississippi*, 331 F.3d 499 (5th Cir. 2003).  The Board, as a state instrumentality, is immune from a suit seeking monetary relief on Eleventh Amendment grounds.  *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (*per curiam*).

Moreover, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Plaintiff's parole revocation under section 1983.  In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-487.  The Fifth Circuit Court of Appeals has extended the *Heck* doctrine to proceedings that call into question the fact or duration of parole.  *Littles*, 68 F.3d at 123; *McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 (5th Cir. 1995) (*per curiam*).  In such cases, the section 1983 action is subject to dismissal under *Heck* absent a showing that the confinement resulting from the parole revocation proceeding has been invalidated by a state or federal court.  *Littles*, 68 F.3d at 123.

In the case *sub judice*, no court has reversed or invalidated the 2010 parole revocation. Therefore, Plaintiff cannot maintain a civil action for damages seeking to undermine the events leading to his parole revocation.  See *Heck*, 512 U.S. at 488-89.  Consequently, the claim challenging his parole revocation lacks any legal basis and should be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.  See *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (relying on *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) to similarly modify dismissal language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* barred claim is legally frivolous).

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  However, Plaintiff's claims are fatally infirm.  See *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'").  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 7] be denied, that the claims challenging Plaintiff's parole revocation be **DISMISSED WITH PREJUDICE** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, and that all other claims be summarily **DISMISSED**

**WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915A(b).

SIGNED April 25, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE